FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2147 S. Delaware Avenue, Philadelphia, PA 19146

Address of Defendant: 2400 Newtown Pike, P.O. Box 13610, Lexington, KY 40583
210 Allegheny Avenue, P.O. Box 5517, Towson, MD 21204

Place of Accident, Incident or Transaction: Eastern District of Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?     Yes ☐   No ☐

**RELATED CASE, IF ANY:**

Case Number: 00-CV-6370   Judge: Hon. Edmund V. Ludwig   Date Terminated: August 23, 2001

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☒   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☒   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes ☐   No ☐

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) Personal Property

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, MICHAEL S. HINO, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 6/25/02     _____     62406
                  Attorney-at-Law    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____     _____     _____
                        Attorney-at-Law    Attorney I.D.#

CIV. 609 (9/99)

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

J.H. STEVEDORING CO. and
PENN WAREHOUSING AND DISTRIBUTION, INC.

**DEFENDANTS**

FASIG-TIPTON COMPANY, INC. and
FASIG-TIPTON MIDLANTIC, INC.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

MICHAEL S. HINO, ESQUIRE
HEATHER A. HOYT, ESQUIRE
Pepper Hamilton LLP
400 Berwyn Park, 899 Cassatt Road
Berwyn, PA  19312-1183

**ATTORNEYS (IF KNOWN)**

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. §1332(a); 28 U.S.C. §1391(a)

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☒ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | LABOR | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | ☐ 871 IRS—Third Party 26 USC 7609 | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ 

JURY DEMAND: ☐ YES ☐ NO
Check YES only if demanded in complaint.

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE: Honorable Edmund V. Ludwig    DOCKET NUMBER: 00-CV-6370

DATE: 6/24/02

SIGNATURE OF ATTORNEY OF RECORD: [signature]

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| J.H. STEVEDORING CO. and PENN WAREHOUSING AND DISTRIBUTION, INC.    v. <br> FASIG_TIPTON COMPANY, INC. and FASIG_TIPTON MIDLANTIC, INC. | CIVIL ACTION <br><br> NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus -- Cases brought under 28 U.S.C. §2441 through §2255.  ( )

(b) Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 8.  ( )

(d) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management -- Cases that do not fall into any one of the other tracks.  ( X )

6/24/02
(Date)

_____
Attorney-at-law
Atty for Penn Warehousing & Distribution, Inc.
& J.H. Stevedoring Co., Inc.
Attorney for

(Civ. 660)
12/91

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

J.H. STEVEDORING CO.
2147 S. Delaware Avenue
Philadelphia, PA 19146
    and
PENN WAREHOUSING AND
DISTRIBUTION, INC.
2147 S. Delaware Avenue
Philadelphia, PA 19146

                      Plaintiffs,

                 v.

FASIG-TIPTON COMPANY, INC.
2400 Newtown Pike
P.O. Box 13610
Lexington, KY 40583
    and
FASIG-TIPTON MIDLANTIC, INC.
210 Allegheny Avenue
P.O. Box 5517
Towson, MD 21204

                      Defendants.

CIVIL ACTION

NO. 02cv4040

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiffs, J.H. Stevedoring Co. ("J.H.") and Penn Warehousing and Distribution, Inc. ("Penn"; where no distinction is necessary, J.H. and Penn are collectively referred to as "Plaintiffs"), by and through their attorneys, Pepper Hamilton LLP, bring this Complaint against defendants Fasig-Tipton Company, Inc. and Fasig-Tipton Midlantic, Inc. (collectively referred to as "Fasig"). In support thereof, Plaintiffs allege the following:

## THE PARTIES

1. Plaintiff J.H. is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 2147 S. Delaware Avenue, Philadelphia, PA 19146.

2. Plaintiff Penn is a corporation organized under the laws of the Commonwealth of Pennsylvania, with its principal place of business at 2147 S. Delaware Avenue, Philadelphia, PA 19146.

3. Defendant Fasig-Tipton Company, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 2400 Newtown Pike, Lexington, KY 40583.

4. Defendant Fasig-Tipton Midlantic, Inc. is a corporation organized under the laws of the State of Maryland with its principal place of business at 356 Fair Hill Drive, Suite C, Elkton, MD 21921.

## JURISDICTION AND VENUE

5. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332(a), as the parties are citizens of different states and the amount in controversy exceeds the sum of $100,000.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(a), as the Plaintiffs are residents of this judicial district, a substantial part of the events giving rise to the claim occurred within this judicial district and defendant is subject to jurisdiction in this district.

## FACTUAL BACKGROUND

7. J.H. is a stevedoring operator which unloads ships at certain pier facilities in the Port of Philadelphia.

8. Penn operates public warehouse facilities in the Port of Philadelphia.

-2-

GV: #224413 v1 (4T5P01!.DOC)

9. From approximately 1985 through December 1998, Dennis Bishop ("Bishop") was an employee of Penn. During this time, he held various positions at Penn and J.H.

10. From April 1997 through approximately April 2000, Bishop was an accounting consultant to both J.H. and Penn.

11. Upon information and belief, in or about 1994, Bishop began purchasing horses that were auctioned by Fasig at its Midlantic facility in Elkton, Maryland.

12. The first of the approximately 17 to 20 horses that were purchased by Bishop from 1997 to 2000 was bought with a check drawn from Bishop's personal account.

13. Many of the remaining horses, however, were purchased at auctions run by Fasig with checks that were unlawfully and without authorization drawn from the accounts of Penn and J.H. The horses were purchased by Bishop for himself and/or Danielle Bishop Stables, Inc. ("Danielle"), an entity owned and operated by Bishop.

14. In violation of its duties and obligations, Fasig accepted the funds of Penn and J.H. for the benefit of Bishop, Danielle and itself.

15. Despite receiving and depositing checks drawn from the accounts of Penn and/or J.H., Fasig failed to make any inquiry or investigation into whether Bishop was authorized to use the funds of Penn and/or J.H.

16. Fasig benefited from each of the transactions of Bishop and Danielle in that it received an entry fee ranging from $200-$500 on each horse, as well as a 5% commission on each horse sold.

17. As a direct and proximate result of Fasig's unlawful conduct, Penn and J.H. lost in excess of $370,632.

-3-

## COUNT I
## CONVERSION

18. Penn and J.H. incorporate by reference paragraphs 1 through 17 above, as if fully set forth herein.

19. Fasig improperly and unlawfully accepted, and benefited from, funds drawn from the accounts of J.H. and Penn.

20. Despite demand by Penn and J.H., Fasig has failed to return and/or repay the converted funds.

21. By refusing to return and/or repay these funds, Fasig-Tipton has exercised unlawful dominion and control over the property of Penn and J.H.

22. As a direct and proximate result of the unlawful conduct of Fasig-Tipton, Penn and J.H. have sustained damages in an amount in excess of $370,632.

WHEREFORE, plaintiffs, J.H. Stevedoring Co. and Penn Warehousing and Distribution, Inc., respectfully request judgment against defendants, Fasig-Tipton Company, Inc. and Fasig-Tipton Midlantic, Inc. in an amount in excess of $370,632, together with costs and interest, and any other relief the Court deems appropriate.

## COUNT II
## UNJUST ENRICHMENT

23. Penn and J.H. incorporate by reference paragraphs 1 through 22 above, as if fully set forth herein.

24. Fasig unlawfully obtained the funds of Penn and J.H., and despite demand by Penn and J.H., has retained and refused to return same, thereby unjustly enriching itself.

25. Fasig did not provide any goods or services to Penn and J.H. and therefore it has been unjustly enriched at the expense of Penn and J.H.

-4-

GV: #224413 v1 (4TSP011.DOC)

26. As a direct and proximate result of the unjust enrichment of Fasig, Penn and J.H. have suffered damages in excess of $370,632, including consequential and incidental damages.

WHEREFORE, plaintiffs, J.H. Stevedoring Co. and Penn Warehousing and Distribution, Inc., respectfully request judgment against defendants, Fasig-Tipton Company, Inc. and Fasig-Tipton Midlantic, Inc. in an amount in excess of $370,632, together with costs and interest, and any other relief the Court deems appropriate.

## COUNT III
## NEGLIGENCE

27. Penn and J.H. incorporate by reference paragraphs 1 through 26 above, as if fully set forth herein.

28. Fasig owned Penn and J.H. a duty of care to properly handle funds drawn from the accounts of Penn and J.H.

29. Fasig breached its duty of care by acting negligently, carelessly and recklessly in accepting funds payable to the account of Bishop and Danielle that were drawn from the accounts of Penn and J.H.

30. Fasig, had an obligation to, among other things, examine the checks and make an inquiry to Penn and J.H. as to whether the funds were properly deposited with, and used by Fasig.

31. As a direct and proximate result of Fasig's negligence, carelessness and recklessness, Penn and J.H. have suffered damages in excess of $370,632, including consequential and incidental damages.

WHEREFORE, plaintiffs, J.H. Stevedoring Co. and Penn Warehousing and Distribution, Inc., respectfully request judgment against defendants, Fasig-Tipton Company, Inc.

and Fasig-Tipton Midlantic, Inc. in an amount in excess of $370,632, together with costs and interest, and any other relief the Court deems appropriate.

                                                       */s/*
MICHAEL S. HINO
Attorney I.D. No. 62406
HEATHER A. HOYT
Attorney I.D. No. 81105
Pepper Hamilton LLP
400 Berwyn Park
899 Cassatt Road
Berwyn, PA 19312-1183
(610) 640-7800

Attorneys for Plaintiffs
J.H. STEVEDORING CO. and
PENN WAREHOUSING AND
DISTRIBUTION, INC.

Dated: June 24, 2002